is our fifth case for argument today. Mr. Towman. Good morning, your honors. May it please the court. My name is Daniel Towman. I represent the petitioner on today's case. On appeal, petitioner raises two issues for review by this court. The first is whether the BIA erred as a matter of law in finding that petitioner failed to show exceptional circumstances. And second, whether the BIA erred in imbued its discretion in declining to exercise its sua sponte authority to reopen proceedings in this case. As an initial matter, beginning with the first argument we raised, the existence of exceptional circumstances. This court has regularly noted that there is no objective standard defined by the agency to let the court determine whether or not exceptional circumstances exist in this type of a context. However, the board's decision does cite two cases, one of which does discuss what the board is... Counsel, I'm worried about jurisdiction. Yes, your honor. 1252A2B says there's no jurisdiction in the court of appeals to review the exercise of administrative discretion. Why isn't that conclusive? Your honor, the issues that we raise relate to the manner in which the board chose or declined... That's the exercise of discretion, all right. Your honor, the board has, in a lot of the cases that have come up that this court has dealt with this issue, the board provided something more than what was provided in this case in terms of explaining its decision not to exercise discretion. I would appreciate it if you would discuss the question I'm asking, which is not whether you disagree with what the board did, but whether we have authority to consider it at all. Your honor, this court has authority to consider the manner in which the agency carried out its duty... And why, given the statute? It says that discretionary decisions cannot be reviewed. Yes, your honor, and what we are arguing is that, and forgive me if I'm missing the crux of the question, I'm trying to address it. The argument that we're making is that the board abused its discretion, which is legal error. Exactly. If a discretionary decision cannot be reviewed, an argument that the board abused its discretion cannot be reviewed. Yes, your honor, and our argument... That's what my problem here is. I understand. Now, I know there are some contrary cases in the Seventh Circuit and the Ninth allowing review of these decisions. The Supreme Court has granted certiorari in Guerra-Lesbrella against Barr in which it may resolve what appears to be a conflict among the circuits on these issues. I'm wondering what we should be doing in the interim. Your honor, our argument is that we're presenting questions of law regarding whether the agency failed to... No, abuse of discretion is not a question. Well, that would be the standard that your honor should consider. No, it's not. We've got case law on that. A claim of abuse of discretion is squarely covered by that statute. Your honor... And you can't just... Right, we don't make statutes go away by saying every discretionary decision we're converting into a legal decision. I understand that, your honor. The Ninth Circuit has done that. That's why there was a grant of certiorari in Guerra-Lesbrella. We have not at least done that. Your honor, where the agency acts in a sense by flipping the coin, that is not the exercise of discretion and this court has authority to review whether the manner in which... You keep asserting that, but you haven't said anything about the language of the statute. Very well, your honor. Is there some basis in the statute for this submission? Yes, your honor. This court does retain, despite the non-reviewability of discretionary decisions, this court retains jurisdiction to review questions of law and an allegation that the agency has completely failed to carry out the exercise of discretion, not that it has done it incorrectly, that they just haven't done it. I can understand a claim that the agency's failure to rule on a motion is a legal mistake. The APA entitles one to a ruling. You got a ruling, you didn't like it, and your brief says it was an abuse of discretion. And that really just brings everything within the scope of the you can't review discretionary decisions proviso. Well, your honor, once again, earlier this year, one of the cases that, again, this comes up, as your honor knows with some clarity. This comes up a lot. Yes, it does, but in Fuller v. Whitaker. It comes up less often, I should think, by the end of the court's next term. Well, your honor, in Fuller v. Whitaker, this court did obviously address the very point that your honor is bringing up, but they did note the absence of a meaningful standard. I know your honor is asking about the statute specifically. I am indeed. In the same framework, the court looked at that question and found that the absence of a meaningful standard went to the merits of a discretionary decision, but that the court can review errors made in disposing of the motion. And that is where we feel that the question of law brings us back, also within 1252. It's the lack of any rational explanation, or any explanation for that matter, as to why the board declined to exercise discretion is something that this court can review. And your honor, sort of tying into the second point, that is, you know, basically there's one sentence in the decision addressing the entire motion, and it just says that we have not shown that exceptional situation exists that would warrant the board's exercise of its discretion. And then it cites matter of JJ and matter of GD, two of the board cases that actually deal with this. Matter of GD actually does talk about what are some of the things that they would consider exceptional circumstances. And what it looks at, essentially, is whether there's been a fundamental change that affects the respondent in the case's eligibility for relief. And in this case, that was met. Matter of GD looks also at matter of XGW, and we think that that does provide some sort of a framework for what they are looking for in terms of what constitutes an exceptional circumstance. That's also consistent with the often repeated goal of finality, which is why these motions are disfavored. Finality doesn't have to mean that the case ends with the alien's removal. It can also be finality in that the immediately available relief is granted. This is also consistent with the regulatory exception for change country conditions for asylum. If it becomes apparent because of an external change that there's been a fundamental change that makes the alien eligible for immediate relief, then that has been sufficient for the board. And their decision in this case provides no explanation as to why they depart from that in this case. The petitioner was immediately eligible for relief. Priority day became current. He was grandfathered under 1255I. And there is no explanation in the board's decision why that did not constitute a type of exceptional circumstance that they would consider in deciding to reopen the proceedings to allow him to adjust to status. His entire family, except for his wife, her case is administratively closed, pending resolution of his. His parents have naturalized. His parents are from different nationalities, and it was through an asylum case through the father. By the time that that was granted, the petitioner had aged out. He was no longer a derivative. So this has been going for a while. He has been here 30 years. He's got two United States citizen children, and he has immediately available relief. The BIA didn't so much as even make an additional sentence just listing the evidence that was submitted or something to the effect that we looked at the entire record. They provided no explanation, no context. There is no explanation whatsoever as to why they declined to exercise discretion, and that's what we're asking this court to determine is insufficient for the agency to actually carry out its duty of looking at the arguments presented and the evidence before it and thinking and not merely reacting. So respectfully, if there's no further questions, I'll reserve the rest of my time. Thank you, Your Honor. Certainly, counsel. Ms. Rocha-Ofodio. Good morning, Your Honors. May it please the court, Remy de Rocha-Ofodio, representing the United States Attorney General. The court should dismiss this petition because, as you rightly said, Your Honor, it lacks jurisdiction to review the board's discretionary decision not to reopen petitioner's proceedings sua sponte. This court has consistently held that it does not review the board's decisions not to reopen proceedings sua sponte. There is no reason to deviate from that longstanding rule in this case. The board's decision was succinct and to the point. The board specifically stated that petitioner's case did not present an exceptional situation that would warrant sua sponte reopening, which is a matter of administrative grace. The court simply cannot review the board's unfettered discretionary, discretion to deny the extraordinary remedy of reopening under these circumstances. And the courts of appeals universally agree that there is no standard of review of the board's decision not to exercise its sua sponte authority to reopen proceedings. Review of the board's sua sponte authority would eviscerate the statutory limits Congress placed on review and reopening and open the process to abuse. Although this court very recently in Fula v. Whittaker has incorrectly carved out an exception and has held that it can review cases where the board mischaracterized the evidence or where there was a misapprehension of the law in terms of how it exercised its discretion, that is not the case here. There was no error here at all. For these reasons, we ask the court to dismiss the petition for review. Petitioner keeps claiming that he is entitled to adjustment of status under HUSC 1255I. That is also incorrect. He has been in process for the past 25 years. He has filed a third motion to reopen, which is what is before the court today. He has been given all the process that he is due. And the fact that he may, by violating the laws of this country and remaining in the country after he was ordered removed, gain equities is no reason to rule that there are exigent circumstances that would favor reopening of this case. So we ask, Your Honor, that this court should dismiss the petition for review for lack of jurisdiction. Just one clarifying question. In your conclusion on page 17 of your brief, you say the court should deny in part and dismiss in remaining part? Well, yes. That was in terms of the first, I believe that was the first part of the petition for review where we said he had waived review of the board's ruling that he failed to demonstrate that he qualified for any of the statutory and regulatory exemptions. So that was regarding that issue. He did not. He waived review. He didn't argue that in his brief. So in that regard, the court should deny that aspect of the petitioner's claim. But other than that, we feel that the court should dismiss the petition for review. There is no business whatsoever for the court to assert jurisdiction in this case. And no court of appeals has ever heard in a case like this presenting these factual circumstances that the court has jurisdiction to review this type of case, Your Honor. Again, pointing out to what Petitioner said about having a visa immediately available, Petitioner was actually admitted to the United States. So he is not eligible for adjustment of status under HUSC Section 1255I. Additionally, the board also in a footnote stated that if DHS would join in the motion to reopen, the board would be glad to review another motion. If presented before it. And Petitioner has been advised by the agency that it will not join in that motion to reopen. And furthermore, Petitioner filed a motion to reconsider before the board in 2018. And the board again declined to reopen and did not grant reconsideration. So he's been accorded due process for the last 25 years, Your Honors. So again, we ask that the court should dismiss the petition for review. Thank you, Your Honors. If you have any questions, I'll be glad to take them. Thank you. Thank you, Your Honor. Anything further, Mr. Tillman? Just a couple of things. Thank you, Your Honors. I'll be very brief. Regarding the respondent's position that there was no error at all. Again, and also the assertion that the board's authority is unfettered. I again refer to the Cointel scenario. If that is actually what took place, then this court would have jurisdiction to review that. And Your Honor, that's what we feel has happened here. And regarding the eligibility for adjustment of status, I would have to look further into that. But we have received no indication from anybody at USCIS that he is ineligible for that relief by virtue of his entry. As we indicated previously, he had actually attended an interview. And the case was closed basically because he has a removal order. He's ineligible on that basis. But I just wanted to clarify that for the court. And finally, on a related note, regarding the availability of that relief and gaining equities by remaining in the country, that provision of law, that statute, allows people to be grandfathered. So he's actually availing himself of the way that the statute is written and did not gain, derive additional time for a stop time or a purpose or anything like that. Thank you, Your Honors. I see my time has expired. Thank you very much. The case is taken under advisement.